IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BASF CORPORATION,                        )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )      Civil Action No. 1:20cv0019 (RDA/JFA)
                                         )
VAG AUTO BODY, LLC,                      )
                                         )
            Defendant.                   )
_____ )

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff BASF Corporation's ("BASF Corp." or "plaintiff") motion for default judgment against defendant VAG Auto Body, LLC ("VAG Auto Body" or "defendant"). (Docket no. 12). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On January 8, 2020, plaintiff filed a complaint against defendant alleging breach of contract, unjust enrichment and quantum meruit, and declaratory relief. (Docket no. 1) ("Compl."). A summons was issued for service on defendant on January 9, 2020. (Docket no. 4). On February 7, 2020, plaintiff filed a return of service confirming that the summons and complaint were served on defendant's registered agent on January 18, 2020. (Docket no. 5). In accordance with Federal Rule of Civil Procedure 12(a), defendant's responsive pleading was due on February 8, 2020, twenty-one (21) days after defendant was served with a copy of the summons and complaint. Defendant has not filed a responsive pleading and the time for doing so has expired.

1

The District Judge ordered plaintiff to obtain an entry of default against defendant on February 24, 2020. (Docket no. 6). On March 16, 2020, plaintiff requested an entry of default as to defendant and the Clerk of Court entered default as to VAG Auto Body later that day. (Docket nos. 7, 8). On March 20, 2020, the District Judge ordered plaintiff to file a motion for default judgment, an accompanying memorandum in support, and a notice of hearing. (Docket no. 9). On April 23, 2020, plaintiff filed a motion for default judgment (Docket no. 10), a declaration of Timothy Brunick (Docket no. 10-1), and a notice setting the motion for a hearing on June 12, 2020 (Docket no. 11). On June 11, 2020, plaintiff filed an amended motion for default judgment (Docket no. 12) replacing the declaration of Timothy Brunick with the declaration of Thaddeous Green (Docket 12-1). On June 12, 2020, this motion was called in open court and plaintiff's counsel appeared by telephone, but no one appeared on behalf of defendant.

### **Factual Background**

The following facts are established by the complaint and plaintiff's motion for default judgment. (Docket no. 12). Plaintiff sells aftermarket paints, coating primers, thinners, and other related products and materials for the refinishing, reconditioning, and repainting of vehicles, collectively called "Refinish Products," to distributors that in turn sell the products to automotive body shops in the business of reconditioning, repainting, and refinishing vehicles. (Compl. ¶ 4). Defendant is one such business. (*Id.* ¶ 5). On October 12, 2017, plaintiff and defendant entered into a requirements agreement. (*Id.* ¶ 9). Pursuant to the agreement, defendant was to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase of $337,000.00. (*Id.* ¶ 10). Plaintiff paid defendant $25,000.00, also pursuant to the agreement, in "new consideration" of fulfilling its obligations under the

2

requirements agreement. (*Id.* ¶ 11). Additionally, under the agreement, defendant agreed to assume liability for $26,940.00 in unearned consideration that it had previously received from plaintiff pursuant to an agreement in October 2016. (*Id.* ¶ 12). The requirements agreement provides that if for any reason it was terminated prior to defendant purchasing $337,000.00 of Refinish Products, defendant was required to refund both the new consideration and previously earned consideration (collectively "Contract Fulfillment Consideration") in accordance with the schedule set forth in paragraph 3 of the agreement. (*Id.* ¶ 13). The schedule provided what the Contract Fulfillment Consideration refund percentage would be in relation to the amount purchased with respect to the minimum purchase of $337,000.00. (*Id.*).

In March 2019, defendant closed down its business operations and refused to purchase any further Refinish Products. (*Id.* ¶ 14). Defendant's termination of the requirements agreement between the parties occurred prior to its purchasing $337,000.00 of Refinish Products. (*Id.* ¶ 15). At the time of defendant's closure, defendant had only purchased $26,108.07 of Refinish Products. (*Id.* ¶ 16). Given that defendant's purchase of $26,108.07 represented less than one-fifth of the minimum purchase requirement, pursuant to the schedule set forth in paragraph 3 of the requirements agreement, defendant was to pay plaintiff 110% of the Contract Fulfillment Consideration refund in the sum of $57,134.00. (*Id.* ¶¶ 13, 17). Defendant failed to satisfy its obligations under the requirements agreement. (*Id.* ¶ 19).

### Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Based on the defendant's failure to file a

responsive pleading in a timely manner, the Clerk of Court has entered a default as to defendant. (Docket no. 8).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 613 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

<u>**Jurisdiction and Venue**</u>

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff alleges that this matter is properly before this court pursuant to 28 U.S.C. § 1332 based on complete diversity of citizenship and an appropriate amount in controversy. (Compl. ¶ 6).

Plaintiff BASF Corp. is a Delaware corporation with its principal place of business in New Jersey. (*Id.* ¶ 1). Defendant VAG Auto Body is a Virginia limited liability company whose members are Gilmer Crespo, a citizen of Peru, and Mario Flores, a citizen of Virginia. (*Id.* ¶¶ 2–3). Plaintiff's complaint seeks monetary damages in excess of $75,000.00. (*Id.* ¶¶ 6, 25). Given that these allegations are uncontested, this court has jurisdiction pursuant to 28 U.S.C. § 1332.

The court also has personal jurisdiction over the defendant. Defendant is a limited liability company organized under the laws of Virginia with its principal place of business located in Alexandria, Virginia. (*Id.* ¶ 2). Venue is proper in this court pursuant to 28 U.S.C. §

4

1391 because a substantial part of the events or omissions giving rise to plaintiff's claims against defendant occurred in the Eastern District of Virginia.  (*Id.* ¶ 7).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over defendant, and that venue is proper in this court.

## Service

Pursuant to Federal Rule of Civil Procedure 4(h), a corporation, partnership, or other unincorporated association may be served in a judicial district of the United States (1) in the manner prescribed in Rule 4(e)(1) for serving an individual, or (2) by delivering a copy of the summons and complaint to an officer, manager, or general agent, or any other agent authorized by law to receive service of process.

On January 9, 2020, a summons was issued for defendant VAG Auto Body.  (Docket no. 4).  On January 18, 2020, Kion Lathan, a private process server, delivered the summons and complaint to Edison Flores, the registered agent of defendant and a person authorized to accept service on behalf of defendant.  (Docket no. 5).  Based on the foregoing, the undersigned magistrate judge recommends a finding that service of process has been accomplished in this action.

## Grounds for Default Judgment

In accordance with Federal Rule of Civil Procedure 12(a), defendant was required to file a responsive pleading by February 8, 2020, twenty-one (21) days after defendant was served with a copy of the summons and complaint.  No responsive pleading has been filed by the defendant and the time for doing so has expired.  On March 16, 2020, plaintiff filed a request for entry of

default against defendant pursuant to Federal Rule of Civil Procedure 55(a).  (Docket no. 7).
The Clerk of Court entered a default against defendant on March 16, 2020.  (Docket no. 8).

For the reasons stated above, the undersigned magistrate judge recommends a finding
that the Clerk of Court properly entered a default as to defendant.

**Liability[1]**

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ
in kind from, or exceed in amount, what is demanded in the pleadings."  Given that a default has
been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P.
8(b)(6).

**Breach of Contract (Count I)**

Count I of plaintiff's complaint alleges a breach of contract claim as to defendant's
failure to perform its obligations under the parties' requirements agreement; namely, to meet the
minimum purchase requirement and to pay the Contract Fulfillment Consideration refund.
(Compl. ¶¶ 22–26).  The requirements agreement provides that Michigan law governs any
dispute arising under the agreement.  (*Id.* ¶ 8, Docket no. 1-1, ¶ 6).  To establish a breach of
contract claim under Michigan law, a plaintiff must show "by a preponderance of the evidence
that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages
to the party claiming breach." *Miller-Davis Co. v. Ahrens Const., Inc.*, 848 N.W.2d 95, 104
(Mich. 2014) (citing *Stevenson v. Brotherhoods Mut. Benefit*, 19 N.W.2d 494, 498 (Mich.
1945)).

---

[1] Plaintiff's motion for default judgment does not seek a declaratory judgment from the
court and appropriately focuses on the breach of contract claim.  During the hearing on June 12,
2020, plaintiff's counsel confirmed that plaintiff is pursuing only the breach of contract claim.
For that reason, only the breach of contract claim (Count I) is addressed in this Proposed
Findings of Fact and Recommendations.

On October 12, 2017, the parties agreed to and signed a requirements agreement. (Docket no. 1-1).  Under paragraph 1 of the agreement, the term of the agreement commenced at the first full calendar month subsequent to the effective date and continued until defendant reached its minimum purchase requirement of $337,000.00. (*Id.* ¶ 1).  Defendant was to purchase 100% of its Refinish Products from an authorized distributor of plaintiff. (*Id.* ¶ 2).  The agreement also delineated the parties' Contract Fulfillment Consideration: plaintiff was, within forty-five days of the effective date of the agreement, to pay defendant $25,000.00 in new consideration of defendant fulfilling all of its obligations under the agreement for the entire term. (*Id.* ¶ 3).  Under the same provision, defendant agreed to assume liability of $26,940.00 in previous unearned consideration of a prior agreement between the parties in October 2016.  (*Id.*). If the agreement terminated for any reason prior to the expiration of the term, or if defendant was sold during the term, the agreement provided for a refund of the Contract Fulfillment Consideration in accordance with the schedule set forth in the same provision.  (*Id.*).  In accordance with the parties' agreement, plaintiff paid defendant $25,000.00 in new consideration.  (Docket no. 12-1, ¶ 5) ("Green Decl.").  In March 2019, defendant closed down its business operations having purchased only a total of $26,108.07 of its minimum purchase requirement.  (Compl. ¶¶ 14–15).  Defendant has not refunded the Contract Fulfilment Consideration to plaintiff and therefore has breached the contract between the two parties.

Pursuant to the agreement, if defendant purchased less than one-fifth of the minimum purchase requirement, the refund due to plaintiff was 110% of the original Contract Fulfillment Consideration.  (Docket no. 1-1, ¶ 3).  Defendant has failed to and refused to refund plaintiff this amount.  (Green Decl., ¶ 9).  As a result of defendant's breach, plaintiff has sustained monetary damages in the amount of $57,134.00.  (*Id.*).  Plaintiff has not, however, sustained money

7

damages in the amount of $310,891.93. (*See* Green Decl. ¶ 8). The requirements agreement does not include any provision that requires that if the agreement is terminated for any reason, defendant would have to pay plaintiff for the difference between the amount of Refinish Products that it had purchased and $337,000.00. The agreement only requires defendant to purchase 100% of its Refinish Products from plaintiff until the minimum purchase requirement of $337,000.00 is reached. The agreement does not require that defendant buy $337,000.00 of Refinish Products. Accordingly, defendant violated the requirements agreement between the parties and plaintiff has suffered damages as a result of defendant's termination and refusal to pay the Contract Fulfillment Consideration refund. Therefore, the undersigned recommends a finding that plaintiff has established that defendant breached the agreement between the parties in that manner.

### Relief

Plaintiff's complaint seeks (1) money damages in the amount of no less than $368,025.93; (2) pre-judgment interest; (3) a declaratory judgment that the requirements agreement between the parties is in full force and effect; and (4) all costs and fees of this action. (Compl. at 7).[2] Plaintiff's motion for default judgment seeks (1) money damages in the amount of $368,025.93; (2) post-judgment interest; and (3) costs in the amount of $545.00. (Docket no. 12 at 3).

**Money Damages**

When defendant went out of business and thereby terminated the contract it had with plaintiff, it had purchased less than one-fifth of its minimum purchase requirement. (Docket no.

---

[2] The requirements agreement does not provide for pre-judgment interest or for the award of attorney's fees.

12, ¶ 10). As part of its money damages, plaintiff seeks $310,891.93, essentially seeking lost revenue. (*Id.* at 3). However, as discussed above, the requirements agreement did not obligate defendant to purchase $337,000.00 of Refinish Products; it only required defendant to buy 100% of the Refinish Products it needed up to that amount. There are no allegations that defendant bought Refinish Products from another supplier in violation of the requirements agreement.

The remainder of plaintiff's request for money damages accounts for the consideration exchanged between the parties. As noted above, plaintiff paid defendant $25,000.00 in consideration. (Compl. ¶ 11). Defendant agreed to assume liability of previous consideration from a prior agreement between the parties in October 2016 in the amount of $26,940.00 and agreed to the Contract Fulfillment Consideration refund schedule set forth in the parties' requirements agreement. (*Id.* ¶¶ 12–13). Under this refund schedule, as defendant purchased less than one-fifth of the minimum purchase requirement, defendant was to pay 110% of $51,940.00 ($25,000.00 of new consideration and $26,940.00 in previous unearned consideration) for a total of $57,134.00. (*Id.* ¶ 17). Defendant has not paid this agreed upon amount to plaintiff. Defendant agreed to the Contract Fulfillment Consideration refund schedule by signing the requirements contract. Accordingly, the undersigned recommends a finding that plaintiff is entitled to $57,134.00 in money damages.

**Post-Judgment Interest**

In its motion for default judgment, plaintiff seeks post-judgment interest. (Docket no. 12 at 3). In a federal diversity case, federal law governs the calculation of post-judgment interest. *Hitachi Credit America Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999) (citing *Forest Sales Corp. v. Bedingfield*, 881 F.2d 111, 113 (4th Cir. 1989)). Pursuant to 28 U.S.C. § 1961, a uniform federal rate for post-judgment has been established "on any money judgment in a civil

case recovered in a district court." 28 U.S.C. § 1961(a).  Unless the parties have contractually agreed to a different rate and expressed this agreement in "clear, unambiguous and unequivocal language," the statutory rate applies. *Braunstein v. Pickens*, 274 F.R.D. 568, 574 (D.S.C. 2011). Here, there is no clear, unambiguous, and unequivocal agreement between the parties to set a different rate of post-judgment interest.  Thus, the undersigned recommends a finding that interest subsequent to the date of judgment should be paid in accordance with, and at the rate prescribed by, 28 U.S.C. § 1961.

**Costs**

Finally, plaintiff seeks $545.00 in costs to include the filing fee of $400.00 and the service of process expense of $145.00.  (Docket no. 12 at 3, Ex. 2, 3).  Federal Rule of Civil Procedure 54(d) provides that a prevailing party is entitled to an award of costs incurred unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1).  Here, no such impediment exists.  Accordingly, as the undersigned recommends that default judgment be entered against defendant, the undersigned also recommends an award of $545.00 in costs to plaintiff.

**Conclusion**

For these reasons, the undersigned recommends that default judgment be entered in favor of plaintiff BASF Corporation and against defendant VAG Auto Body, LLC in the total amount of $57,679.00 ($57,134.00 in money damages + costs of $545.00) with interest to accrue at the rate prescribed by 28 U.S.C. § 1961 from the date of any judgment until paid.

**Notice**

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to VAG Auto Body, LLC, c/o Edison Flores, Registered

10

Agent, 42801 Ridgeway Avenue, Broadlands, VA 20148, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 12th day of June, 2020.

/s/

John F. Anderson
United States Magistrate Judge
United States Magistrate Judge

Alexandria, Virginia

11